IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Larry Williamson, | )<br>) |
| Plaintiff, | ) Civil Action File No.:<br>) |
| v. | )<br>) |
| Transworld Systems, Inc., | ) **COMPLAINT WITH**<br>) **JURY TRIAL DEMAND** |
| Defendant. | )<br>) |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.*

## PARTIES

1. Plaintiff, Larry Williamson, is a natural person who resides in Floyd County, Georgia.

2. Defendant, Transworld Systems, Inc., is a corporation formed under the laws of the State of California and registered to do business in Georgia. Defendant

1

may be served with process via its registered agent, C T Corporation, at 289 S. Culver Street, Lawrenceville, GA 30046.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

4. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to LR 3.1B(3), venue is proper in Atlanta Division because the Defendant maintains a registered agent in Gwinnett County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of a utility bill from 2015 and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant's principal business is the collection of consumer accounts for its commercial benefit. Defendant regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Defendant had reported negative information on Plaintiff's credit report.

13. In February of 2021, Plaintiff communicated with Defendant via telephone to gather more information about the alleged debt.

14. During the course of the phone call, Defendant stated that Plaintiff owed a collection fee of almost $60.00 on the account.

15. Nothing in the utility service which served as the basis for the account authorized or agreed to the charging of a collection fee in the amount claimed.

16. Defendant's statements that the amount of the debt had increased by charging collection fees were designed to intimidate, abuse, and harass Plaintiff into making a payment on his account to Defendant.

17. Also during the phone call, Defendant attempted to collect payment from Plaintiff on the debt from 2015.

18. Defendant never informed Plaintiff during the phone call that the account from 2015 was beyond the statute of limitations and no legal action could be taken against Plaintiff.

19. Defendant never informed the Plaintiff that making a payment on the debt for which the statute of limitations had run could renew the statute of limitations for those debts.

20. The accounts reported by the Defendant and in collection are consumer accounts thus an open account subject to a statute of limitations of four years per O.C.G.A. § 9-3-25.

21. Making a payment on the debt would renew the statute of limitations in Georgia. *SKC, Inc. v. eMag Sols., LLC*, 326 Ga. App. 798, 755 S.E.2d 298 (2014); *Malak v. Unifund CCR, LLC*, 343 Ga. App. 314, 318, 807 S.E.2d 80, 83 (2017).

22. Plaintiff suffered direct and particularized harm by Defendant's misrepresentations and attempts to collect unauthorized fees as Plaintiff suffered

increase anxiety and worry about his ability to ever pay this alleged debt and get his financial affairs in order.

23. Plaintiff incurred uncompensated time and expense to speak to counsel about the Defendant's false statements.

24. Defendant's conduct contained communications which were false, misleading, and deceptive in connection with the collection of a debt.

## **INJURIES-IN-FACT**

25. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

26. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

27. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

28. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

29. Defendants acts and omissions caused particularized harm to the Plaintiff in that he has suffered worry and anxiety and took time and expense to discuss his debt with counsel in response to the false statements.

30. Wasted time is a concrete harm. S*ee Salcedo v. Hanna*, 936 F.3d 1162, 1172–73 (11th Cir. 2019).

31. Accordingly, through the suffering of actual damages and a violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

32. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.) Anxiety and worry due to concerns about his financial affairs

## CAUSE OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

33. Plaintiff incorporates by reference paragraphs 1 through 32 as though fully stated herein.

### *Violations of 15 U.SC. § 1692e and its subparts*

34. 15 U.S.C. §•1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

35. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

36. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010).

7

37. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993).

38. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

39. Defendant made false representations about the amount of the debt and threatened to charge unauthorized fees and solicited payment on a debt beyond the statute of limitations without informing Plaintiff that the debt was beyond legal action.

40. Defendant's communications were in violation of 15 U.S.C. §§ 1692e, e(2)(A), e(5), e(8), and e(10) among others.

### *Violations of 15 U.SC. § 1692f and its subparts*

41. The conduct of the Defendant as described herein was unfair and unconscionable. It preyed upon perceived weaknesses/fear/lack of sophistication of the Plaintiff.

42. Defendant's threats to collect interest unauthorized by the agreement which created the debt were unfair and unconscionable.

43. Defendant's behavior violated 15 U.S.C. § 1692f and f(1).

44. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## **TRIAL BY JURY**

45. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k and

d.) Such other and further relief as may be just and proper.

Respectfully submitted this 7th day of May, 2021.

          **BERRY & ASSOCIATES**
          */s/ Matthew T. Berry*
          Matthew T. Berry
          Georgia Bar No.: 055663
          *matt@mattberry.com*

        2751 Buford Highway, Suite 600
        Atlanta, GA 30324
        Ph. (404) 235-3300
        Fax (404) 235-3333

        */s/ Chris Armor*
        Christopher N. Armor
        Georgia Bar No. 614061
        P.O. Box 451328
        Atlanta, GA 31145
        Phone 470-990-2568
        Fax 404-592-6102
        *chris.armor@armorlaw.com*
        Plaintiff's Attorneys